AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
## for the
## Western District of New York

United States of America

v.

Nathaniel Gates, Jr.

*Defendant*

Case No. 17-MJ-5150

FILED FEB 17 2017 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

### Count 1
### (Possession with Intent to Distribute, and Distribution of, Cocaine)

On or about January 26, 2017, in the Western District of New York, the defendant, **NATHANIEL GATES, JR.**, did knowingly, intentionally, and unlawfully possess with the intent to distribute, and distribute, a quantity of cocaine, a Scheduled II controlled substance.

**All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).**

### Count 2
### (Possession with Intent to Distribute, and Distribution of, 28 Grams or More of Cocaine Base)

On or about February 2, 2017, in the Western District of New York, the defendant, **NATHANIEL GATES, JR.**, did knowingly, intentionally, and unlawfully possess with the intent to distribute, and distribute, 28 grams or more of a mixture and substance containing cocaine base, a Schedule II controlled substance.

**All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).**

## Count 3
### (Possession with Intent to Distribute Heroin)

On or about February 7, 2017, in the Western District of New York, the defendant, **NATHANIEL GATES, JR.**, did knowingly, intentionally, and unlawfully possess with the intent to distribute a quantity of heroin, a Schedule I controlled substance.

**All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).**

## Count 4
### (Possession with Intent to Distribute Cocaine)

On or about February 7, 2017, in the Western District of New York, the defendant, **NATHANIEL GATES, JR.**, did knowingly, intentionally, and unlawfully possess with the intent to distribute a quantity of cocaine, a Schedule II controlled substance.

**All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).**

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

DANIEL M. FORSBERG
TASK FORCE AGENT
DRUG ENFORCEMENT ADMINISTRATION
*Printed name and title*

Sworn to before me and signed in my presence.

Date: February 17, 2017

*Judge's signature*

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State: Buffalo, New York

## AFFIDAVIT

STATE OF NEW YORK  )
COUNTY OF ERIE     )   SS:
CITY OF BUFFALO    )

**DANIEL M. FORSBERG,** being duly sworn, deposes and says:

1. I am an Investigator with the Chautauqua County Sheriff's Office (CCSO), assigned to the Drug Enforcement Administration (DEA) as a Task Force Agent and as such, I am an "investigative or law enforcement officer" of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in the Comprehensive Drug Abuse Prevention and Controlled Substance Act of 1970, Title 21 of the United States Code, as amended. I have been a Narcotics Investigator with CCSO for four years and was assigned to the DEA as a Task Force Agent in July of 2016. I have been involved in high level drug trafficking investigations domestically. Based on my training and conversations with other Investigators, Special Agents and Task Force Agents of the DEA, I am familiar with how controlled substances are cultivated, manufactured, processed, packaged, distributed, sold, and used within the framework of drug trafficking.

2. As a result of working with other Investigators, Task Force Agents and Special Agents of the DEA, I am familiar with the circumstances of the offenses described in this Affidavit. On the basis of this familiarity, I allege that the facts contained in the Affidavit reveal that **NATHANIEL GATES, JR.** committed the violations of Title 21, United States

Code, Section 841(a)(1) as charged in the Criminal Complaint. Because this affidavit is given for the limited purpose of establishing probable cause for the charged offenses, I have not detailed all evidence and facts known.

3.  Your affiant received information that Investigators with the Southern Tier Regional Drug Task Force (STRDTF) had developed a confidential source (CS) in reference to cocaine and crack cocaine trafficking by GATES in the Dunkirk, New York area. This CS had stated that he/she would be able to make controlled cocaine and/or crack cocaine purchases from GATES.

### Count 1

4.  On January 26, 2017 at approximately 5:20 p.m. Investigators from the STRDTF and Agents from the DEA Buffalo Resident Office (BRO) met with the CS. The CS had earlier made arrangements with GATES to purchase one ounce of cocaine for $1400.00. At approximately 5:32 p.m. the CS received a text message from GATES about meeting with each other. The CS was equipped with electronic transmitting and recording devices and also issued $1400.00 in DEA OAF. At approximately 5:32 p.m. Agents and Investigators conducted surveillance of the CS to the 100 block of Ruggles St. in the City of Dunkirk, NY. At approximately 6:13 p.m. GATES met with the CS on the 100 block of Ruggles St. in Dunkirk in a gray 2017 Chrysler Pacifica with Iowa registration EUC932 that GATES was operating. The CS and GATES had a brief narcotics related conversation and GATES then left the area. The CS received a phone call from GATES shortly after GATES had left the 100 block of Ruggles. During the phone conversation, GATES asked the CS "if

2

he would like hard or soft?" Based on my training and experience, I understand GATES to have been asking whether the CS wanted cocaine in base form a/k/a crack ("hard") or powder ("soft"). The CS replied "Soft." Surveillance followed GATES to 90 Brigham Rd. and observed GATES entering apartment 17 at 90 Brigham Rd. GATES was then observed leaving apartment 17 and leaving 90 Brigham Rd. in the same vehicle. At approximately 7:05 p.m. GATES returned to the 100 block of Ruggles St. and the CS met GATES in the same vehicle. At this time GATES sold approximately one ounce of suspected powder cocaine to the CS for $1400.00 in DEA OAF.

5. The CS and GATES separated and the CS met with Investigators at a pre-determined meet location. The CS handed the suspected cocaine to Lt. Bentley who performed a field test on a small portion of the substance. The test was positive for the presence of cocaine. The cocaine was weighed at approximately 28.6 grams.

## Count 2

6. On February 2, 2017 at approximately 1:33 p.m. DEA agents and STRDTF Investigators met with the CS. At this time the CS made a phone call to GATES, while in the presence of Agents and Investigators, and briefly discussed meeting with each other. The CS was equipped with electronic transmitting and recording devices and also issued $2800.00 in DEA OAF. At approximately 2:00 p.m. Agents and Investigators surveilled the CS to the 100 block of Ruggles St. in the City of Dunkirk, NY. At approximately 2:16 p.m., while on the 100 block of Ruggles St., the CS phoned GATES and GATES told the CS that he will meet the CS at that location. At approximately 2:25 p.m. Investigators observed

3

GATES exit apartment 17 at 90 Brigham Rd. in the Village of Fredonia. GATES then left the apartment complex and was operating a 2017 gray Chrysler Pacifica with Iowa registration EUC932. Investigators conduct surveillance on GATES to the 100 block of Ruggles St. Dunkirk, NY. At approximately 2:34 p.m., while on the 100 block of Ruggles St., the CS got into GATES vehicle. At approximately 2:35 p.m. the CS handed GATES $2800.00 in DEA OAF and GATES handed the CS approximately five ounces of suspected crack cocaine.

7. At approximately 2:37 p.m. the CS exited GATES vehicle. GATES drove out of the area and the CS was surveilled to a pre-determined meet location where the CS handed the suspected crack cocaine to Lt. Bentley. The CS indicated that he/she did purchase crack cocaine from GATES. Based on my training and experience as a narcotics Investigator, the suspected crack cocaine was consistent in appearance with cocaine base. Lt. Bentley performed a field test on a small portion of the substance. The test was positive for the presence of cocaine. The crack cocaine was weighed at approximately 148.8 grams.

### Counts 3 and 4

8. On February 7, 2017, Investigators from the STRDTF and Agents from the DEA BRO executed a state search warrant at 90 Brigham Rd. Apt. 17 in the Village of Fredonia.

9. Evidence shows that GATES used this apartment to store his drugs: First, on January 26, 2017, after GATES first met with the CS, GATES departed from the CS and was

4

then observed driving to 90 Brigham Rd. and entering apartment 17. GATES then returned to the CS where GATES sold the CS approximately 28.6 grams of cocaine. Second, on February 2, 2017, GATES was observed leaving apartment 17 at 90 Brigham Rd. directly before meeting the CS and selling the CS approximately 148.8 grams of crack cocaine. Third, during the search warrant execution, although GATES was not in the apartment (he was detained during a traffic stop in Dunkirk, and no one else was in the apartment), his photo identification card and Social Security card were found inside the apartment.

10. As a result of the search warrant, Investigators and Agents located, among other evidence, four plastic baggies containing powder cocaine, three plastic baggies containing heroin and one plastic baggie with crack cocaine in it. The powder cocaine had a combined weight of approximately 99.1 grams and all baggies field tested positive for the presence of cocaine. Based on my training and experience, the weight of the cocaine is inconsistent with personal use and is consistent with cocaine distribution. The heroin had a combined weight of approximately 86.0 grams and all baggies field tested positive for the presence of heroin. Based on my training and experience, the weight of the heroin is inconsistent with personal use and is consistent with heroin distribution. Also located during the execution of the search warrant was heroin packaging in the form of rubber bands and glassine envelopes, all items consistent with heroin distribution. The crack cocaine had a weight of approximately 2.1 grams and field tested positive for the presence of cocaine.

WHEREFORE, based on the foregoing, your affiant respectfully submits that probable cause exists to believe that **NATHANIEL GATES, JR.** has violated Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C) as charged in the Criminal Complaint.

_____
DANIEL M. FORSBERG
Task Force Agent
Drug Enforcement Administration

Sworn to before me

this 17th day of February, 2017.

_____
HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge