UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.

NATHANIEL GATES, JR.,

      Defendant.
_____

17-cr-92 (JLS) (MJR)

## DECISION AND ORDER

Defendant Nathaniel Gates, Jr. is charged in a 10-count superseding indictment with committing controlled substances offenses between 2016 and 2017. *See* Dkt. 115. On May 11, 2017, United States Magistrate Judge Michael J. Roemer was designated to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 6. This case, originally assigned to United States District Judge Lawrence J. Vilardo, was reassigned to this Court on July 27, 2020. Dkt. 162.

On March 4, 2020, Gates filed his first motion to dismiss the superseding indictment on Sixth Amendment speedy trial grounds. Dkt. 130. Judge Roemer's Report and Recommendation, signed May 5, 2020, recommended that Judge Vilardo deny Gates's initial motion to dismiss the superseding indictment on Sixth Amendment speedy trial grounds. *See* Dkt. 147. This Court set an August 10, 2020 deadline by which Gates could object. *See* Dkt. 163; *see also* Dkt. 193, at 13-14.

On August 11, 2020, Gates filed a corrected motion "for dismissal and other relief." Dkt. 168-4, at 1. In his motion, Gates sought to re-open his prior motion to dismiss the superseding indictment on Sixth Amendment speedy trial grounds (Dkt. 130). Specifically, Gates sought to dismiss the superseding indictment on the grounds that "his Sixth Amendment right to a speedy trial," "statutory right to a speedy trial under 18 U.S.C. [§§] 3161(c)(1) and 3162(a)(1)," and "right to a speedy trial under [Federal Rule of Criminal Procedure] 48(b)" have been violated. Dkt. 168, at 1-2. In addition, Gates sought dismissal "on the ground of misconduct by the government in the presentation of evidence relating to the superseding indictment." *Id.* at 2. He also sought "such other relief as may be just and proper." *Id.* The government responded in opposition to Gates's motion to suppress on August 21, 2020. Dkt. 174. Gates replied on August 25, 2020. Dkt. 176. Judge Roemer held oral argument on August 31, 2020. Dkt. 178.

On September 30, 2020, Judge Roemer issued a Report and Recommendation ("R&R"), recommending that this Court deny Gates's motion to dismiss the superseding indictment. Dkt. 193. Gates objected to the R&R on October 14, 2020, arguing that the "principal error" in the R&R "is its failure to attribute proper weight to Mr. Gates's original counsel's October 17, 2017 memorandum and Mr. Gates's October 13, 2017 letter to the Court." Dkt. 202, at 1. Gates argues, too, that the R&R "errs in grouping Mr. Gates's case together with more conventional prosecutions." *Id.* at 3. Gates lists several objections to "[s]pecific [c]onclusions and [f]indings" on pages 4 through 32 of his submission. *See id.* at 4-32. The

2

government responded on October 20, 2020. Dkt. 209. Gates replied on October 22, 2020. Dkt. 210.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

This Court reviewed the parties' submissions to Judge Roemer, Judge Roemer's R&R, Gates's objection, the government's response, and Gates's reply. In addition, this Court reviewed the criminal complaint signed on February 17, 2017 (Dkt. 1), the indictment dated May 11, 2017 (Dkt. 5), and the superseding indictment dated January 30, 2020 (Dkt. 115). Based on that review, the Court accepts and adopts Judge Roemer's recommendation to deny Gates's motion.[1]

---

[1] Count 5 is not dismissed for the additional reason that 18 U.S.C. § 3162(a)(1) "applies only to charges actually pending against an individual." *See United States v. Gaskin*, 364 F.3d 438, 451 (2d Cir. 2004) (internal citations omitted). Here, Count 4 of the Complaint was "dropped," within the meaning of 18 U.S.C. §§ 3161(b), (d)(1), when it was not included the indictment. There is no bar to its being "resurrected" in the superseding indictment. *See Gaskin*, 364 F.3d at 451 ("If charges are dismissed before expiration of the thirty-day filing period, there is no bar to their being resurrected in a new . . . indictment."). In addition, the superseding indictment is timely pursuant to 18 U.S.C. § 3161(h)(1).

3

## CONCLUSION

For the reasons stated above and in the R&R, the Court DENIES Gates's motion to dismiss the superseding indictment and for other relief (Dkt. 168).[2]

SO ORDERED.

Dated:   October 22, 2020
         Buffalo, New York

                                         _____
                                         JOHN L. SINATRA, JR.
                                         UNITED STATES DISTRICT JUDGE

---

[2] To the extent Judge Roemer's September 30, 2020 R&R (Dkt. 193) does not subsume his R&R signed May 5, 2020 (Dkt. 147), the Court accepts and adopts Judge Roemer's May 5, 2020 R&R and DENIES Gates's initial motion to dismiss (Dkt. 130). *See also* Dkt. 193, at 34-35 n. 22-23.