UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────

UNITED STATES OF AMERICA,

    v.

NATHANIEL GATES, JR.,

    Defendant.

17-cr-92 (JLS) (MJR)

─────────────────────────────

**DECISION AND ORDER**

Defendant Nathaniel Gates, Jr. is charged in a 10-count superseding indictment with committing controlled substances offenses between November 2016 and February 2017.  *See* Dkt. 115.

In response to the government's pretrial memorandum (Dkt. 187, at 4-7), Gates filed, through former counsel, certain motions *in limine* (Dkt. 206-1).  The Court addressed those motions *in limine* at the Final Pretrial Conference held on October 30, 2020, at which point it resolved some, and held others—such as Gates's "Motion for Preclusion of Uncharged Misconduct" and "Motion for Disclosure of Description of Uncharged Conduct Evidence and Witnesses Who Will Testify About It" (Dkt. 206-1, at 2-5)—in abeyance.  Dkt. 224.

On November 3, 2020, Gates moved, then proceeding *pro se*, to exclude proposed testimony of Cooperating Witness #2.  Dkt. 228.  The government responded on November 6, 2020.  Dkt. 237.  That same day, Gates moved, through assigned counsel, to exclude proffered text messages and testimony of Cooperating

Witness #2.  Dkts. 240, 241.  The government responded on November 10, 2020.  Dkt. 244.  Gates replied on November 13, 2020.  Dkt. 246.

This Court set oral argument for November 17, 2020.  Dkts. 243, 250.  At that point, the Court resolved two pending motions *in limine*.  For the reasons stated on the record, the Court (1) denied the motion to exclude Confidential Witness #2's testimony that he visited Gates at the apartment to traffic drugs, and (2) denied the motion to exclude Confidential Witness #2's testimony that he is familiar with the location and layout of the subject apartment.  Dkt. 250.

The Court then advised the parties it would address the remaining five pieces of challenged testimonial evidence based on the parties' submissions and answers to specific questions set forth in a Text Order.  Dkts. 249, 250.  The government answered those questions on November 19, 2020.  Dkt. 252.  Defendant answered and responded on November 23, 2020.  Dkt. 255.  The Court now reaches the following decisions with respect to the challenged testimonial evidence.[1]  The Court's statements on the record on November 17, 2020, which set forth its analytical approach, issues in the case, the charges, and the timeline, are incorporated here by reference.

The first remaining piece of evidence involves Confidential Witness #2's testimony that he sold to Gates in Rochester, and that he supplied Gates weekly.

---

[1] This Decision and Order addresses Gates's motions addressed to proposed testimonial evidence.  A separate Decision and Order regarding the proffered text messages is forthcoming.

2

Gates's motion to exclude this proposed testimony is denied. *See* Dkt. 228, at 3; *see also* Dkt. 206-1, at 2-4; *see generally* Dkts. 240, 241. This testimony is relevant. In addition, this testimony is intrinsic. Further, there is no basis to exclude this testimony under Federal Rule of Evidence 403; its probative value is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The second piece of evidence involves Confidential Witness #2's testimony that Gates used rental cars to pick up drugs, sometimes with the witness. Gates's motion to exclude this proposed testimony is denied. *See* Dkt. 228, at 3; *see also* Dkt. 206-1, at 2-4; *see generally* Dkts. 240, 241. This testimony is relevant. In addition, this testimony is intrinsic. Alternatively, this testimony is admissible under Federal Rule of Evidence 404(b); it bears on Gates's intent, preparation, plan, and knowledge. Further, there is no basis to exclude this testimony under Federal Rule of Evidence 403; its probative value is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Gates may request a limiting instruction as needed.

The third piece of evidence involves Confidential Witness #2's testimony that Gates owed witness money due to seized drugs, which was settled with the Chevy Tahoe. Gates's motion to exclude this proposed testimony is denied. *See* Dkt. 228, at 3; *see also* Dkt. 206-1, at 2-4; *see generally* Dkts. 240, 241. This testimony is

relevant. In addition, this testimony is intrinsic. Further, there is no basis to exclude this testimony under Federal Rule of Evidence 403; its probative value is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The fourth piece of evidence involves Confidential Witness #2's testimony about Gates's alleged stash house. Gates's motion to exclude this proposed testimony is granted. *See* Dkt. 228, at 3; *see also* Dkt. 206-1, at 2-4; *see generally* Dkts. 240, 241. This testimony must be excluded under Federal Rule of Evidence 403. Its slight probative value is substantially outweighed by a danger of unfair prejudice to Gates, confusing the issues, and misleading the jury.

The fifth piece of evidence involves Confidential Witness #2's testimony that Gates had other people package, bag, and store drugs; namely, that he is familiar with Gates's alleged drug operation. Gates's motion to exclude this proposed testimony is denied. *See* Dkt. 228, at 2; *see also* Dkt. 206-1, at 2-4; *see generally* Dkts. 240, 241. This testimony is relevant. In addition, this testimony is intrinsic. Alternatively, this evidence is admissible under Federal Rule of Evidence 404(b); it bears on Gates's intent, preparation, plan, and knowledge. Further, there is no basis to exclude this testimony under Federal Rule of Evidence 403; its probative value is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Gates may request a limiting instruction as needed.

4

The Court's rulings on November 17 and here permit the introduction of certain evidence from November 1, 2016 (three weeks before the date set forth in Count 1 of the Superseding Indictment), through February 7, 2017 (the date drugs were seized from the subject apartment).  (And the Court allows Confidential Witness #2's testimony that a Chevy Tahoe was used to settle a drug debt, which allegedly occurred after February 7, 2017.  Dkt. 252, at 9.).  If the government intends to offer like evidence addressing pre-November 2016 timeframes, it must raise that issue at a sidebar at trial.

In sum, this Decision and Order concerns the testimonial evidence discussed in Gates's motions to exclude proposed testimony of Cooperating Witness #2.  Dkt. 228; Dkt. 206-1, at 2-4; Dkts. 240, 241.  These motions are GRANTED as to testimony concerning an alleged stash house; they are DENIED in all other respects.

SO ORDERED.

Dated:     November 24, 2020
           Buffalo, New York

                                        s/John L. Sinatra, Jr.
                                        _____
                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE